ELECTRONICALLY FILED
2/8/2021 2:59 PM
03-CV-2021-900151.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| **RIVER REGION PSYCHIATRY ASSOCIATES, LLC** ) ) ) **Plaintiff,** ) ) v. ) ) **FAIZ FASEEHUDDIN, M.D.** ) **an individual;** ) ) **Defendant.** ) ) | **Civil Action No.:** |

### COMPLAINT

Plaintiff River Region Psychiatry Associates, LLC (hereinafter referred to as "Plaintiff" or "the Practice") complains as follows:

### I. Nature of the Case

1. Plaintiff River Region Psychiatry Associates, LLC is an Alabama limited liability company which was created to engage in the practice of medicine with a specialty in psychiatry.

2. Plaintiff hired Defendant Faiz Faseehuddin to work as a psychiatrist. Defendant is licensed in the state of Alabama and Tennessee and treated patients in both states on behalf of the Plaintiff who is headquartered in Montgomery County, Alabama. All relevant records for Defendant's employment and the dispute

which is the subject of this litigation are maintained in Montgomery County, Alabama.

3. After the parties mutually negotiated the terms of employment, they entered into an Employment Agreement on or about June 28, 2019. Per the terms of the agreement, in part, the Defendant agreed to work for the Practice for a period of three years with a start date of September 3, 2019. In exchange, the Practice agreed to and did pay the Defendant at the agreed upon sum and provide certain agreed upon benefits.

4. Defendant began his employment with the Practice and worked consistently for a period of time. The Practice paid the Defendant in accordance with the term of the agreement. However, Defendant failed to appear for appointments forcing the Practice to reschedule hundreds of patients over the course of a period of several months. Defendant's actions jeopardized patient care, damaged the Practice's reputation, disrupted revenue, and interfered with the Practice's third party contracts.

5. Defendant resigned his employment with the Practice prior to the three year term. He also failed to work the required notice period following his notice. Ultimately, Defendant abruptly in the middle of a week left the Practice without giving any notice and he refused to return.

6. The Employment Agreement provided that should the Defendant terminate the agreement prior to the end of the three year period, then the Defendant agreed to pay the Practice expenses incurred by the Practice to include: recruitment fees, licensing fees, legal fees, bonuses, compensation losses, liability fees and other expenses.

7. This lawsuit seeks to recover the damages the Practice is entitled under the terms of the Employment Agreement as a result of Defendant's breach of his contractual obligations and in addition recover the damages Defendant caused during his employment by failing to abide by his ethical and contractual obligations, and his intentional interference with third party contracts and business relations of the Practice.

8. Defendant has refused to see scheduled patients, failed to attend scheduled meetings, caused intentional disruptions of patient care, slandered the Practice and its employees to third parties with whom the Practice had business and contractual relations, refused to provide timely and reasonable notices of his absences- none of which were emergent or excusable.

9. As a result of Defendant's representations both in the Employment Agreement and verbally, including his agreement to remain with the Practice for a period of three years, the Practice purchased a facility to accommodate Defendant and to build the Practice's patient base. But for Defendant's agreement and

representations that he would remain with the Practice the extended period, the Practice would not have purchased the facility.

10. Moreover, the hiring of Defendant and his early termination of his Employment Agreement, coupled with Defendant's erratic appearances, disruptive and unprofessional conduct and refusal to assist treating scheduled patients, the Practice has incurred substantial damages, including those recoverable under the law and the terms of the Employment Agreement. The losses and damages include but are not limited to the following:

| Type of Expense/Loss | Explanation of Expense/Loss | Amount of Expense/Loss |
|---|---|---|
| Compensation Losses for 2020 | Billings for Dr. Faseehuddin: $83,216.04 (includes uncollected) Salary Paid: $239,435.77 Health Insurance Paid: $5,456.62 | $161,676.35 |
| Compensation Losses for 2019 | Billings: None Salary Paid: Approx. $60,000 | Approximately $60,000 |
| Moving Expenses | Moving Costs | $6,757.01 |
| Controlled Substance Certification | Certification to prescribe controlled drugs needed to conduct his job | $731.00 |
| Alabama and Kentucky Transcript | Needed to obtain his medical license | $70.00 |
| Hotel Expense | Meeting with Bradford in Chattanooga, TN -at Dr. Faseehuddin's instance he asked to be lodged | $182.00 |
| Parking | Parking at Hotel in Chattanooga, TN | $12.00 |

| | | |
|---|---|---|
| Gas | Reimbursed gas expense for traveling to Chattanooga, TN | $42.00 |
| Protection | Resent his package to Alabama Medical Board Certified | $46.00 |
| UPS | Mailing Alabama Medical Board | $58.72 |
| UPS | Mailing to Alabama Medical Board for license | $47.22 |
| Application Fee | ABME application | $448.00 |
| Recruitment Fee | Hiring expense incurred by the Practice for hiring Dr. Faseehuddin | $18,000 |
| Purchase of Facility | Purchased a facility based on hiring of Dr. Faseehuddin and his representations of long term commitment to the Practice | $220,000 |
| Lost Revenue/Compensation Losses | Lost revenue associated with Dr. Faseehuddin's failure to appear and treat scheduled patients and premature termination of the Agreement | Approximately $500,000 |
| Legal Fees | These are on-going | |

11. The Employment Agreement provides that Alabama law applies to the dispute between the parties.

## II. Parties

12. Plaintiff River Region Psychiatry Associates, LLC (the "Practice") is an Alabama limited liability corporation which, provides psychiatric services across Alabama and other states.

13. Defendant is an adult over the age of nineteen who was employed by the Practice as a psychiatrist who saw patients in Alabama and Tennessee until he abruptly left his employment prior to the expiration of his Employment Agreement.

## III. Jurisdiction and Venue

14. This Court has jurisdiction over this matter and venue is proper in this County as the dispute arises from an employment contract entered into in part in Montgomery County, Alabama, for a practice based out of Montgomery County, involved patients seen in the state of Alabama, the relevant records are all maintained in Montgomery County, Alabama and the value of the amount in dispute is within the purview of this Court.

## IV. Causes of Action

### Count I - Breach of Contract

15. Plaintiff adopts all preceding paragraphs of this Complaint as if fully set forth herein.

16. Plaintiff operates a medical practice with a specialty in psychiatry.

17. Defendant entered into an Employment Agreement on or about July 6, 2019 with Plaintiff River Region Psychiatry Associates, LLC. In relevant part, the Agreement provided in part that the Defendant would remain employed for a period of three years and should the Defendant terminate the relationship prior to the end of the three year period the Defendant would pay all expenses incurred by the Practice. In addition because the Defendant breached the Employment Agreement by terminating it early and by failing to work as scheduled in a professional manner, the Defendant also breached the terms of the employment causing the Practice loss of revenue, damage to its reputation, loss of employees, and other damages.

18. Defendant is a psychiatrist who agreed to work with Plaintiff River Region Psychiatry Associates, LLC for a term of at least three years and to remain compliant with the terms of his Employment Agreement.

19. Defendant resigned his employment prior to the end of the three year period. Defendant failed to appear as scheduled and to work in an ethical manner per the terms of his licenses and Employment Agreement.

20. The Employment Agreement provides that should the Defendant terminate the Agreement prior to the end of the initial term of three years, he would be obligated to reimburse the Practice's expenses incurred as a result of employing Defendant which includes but is not limited to recruitment, legal, compensation losses and other expenses incurred by the Practice.

21. Defendant also breached the Employment Agreement by fulfilling other contractual and ethical obligations, including his refusal to conduct himself in a professional manner, refusal to treat scheduled patients, refusal to give timely and appropriate notice of his absences so that the patients care was uninterrupted, slandered the Practice's name, damaged the Practice's reputation by refusing to treat patients and refusing to provide sufficient notice to the Practice to assist scheduled patients, and engaged in misconduct that interfered with third party business relations and contracts of the Practice. His breaches of his Employment Agreement caused significant damages to the Practice, including loss of revenue, loss of employees, loss of patients, and damage to the reputation of the Practice.

22. As proximate result of Defendant's failure to perform the services for which he was retained, interference of business and contractual relations of the Practice, and his failure to complete the full term of the Agreement, Plaintiff lost the benefit of his services for the remainder of the term of his employment, lost the monies paid for his employment, incurred significant compensation losses, lost monies incurred for recruiting, training and hiring Defendant, incurred the loss of staff hours who assisted in the recruiting, hiring, and training of Defendant and for addressing the problems created by Defend

**WHEREFORE, the above premises considered**, Plaintiff River Region Psychiatry Associates, LLC seeks a judgment in their favor against Defendant for any and all available damages, attorneys' fees, expenses and costs. Plaintiff seeks any and all other damages it may be entitled under these circumstances.

### Count II – Negligence

23. Plaintiff adopts all preceding paragraphs of this Complaint as if fully set forth herein.

24. Defendant owed a duty of care to Plaintiff as an employee of the Practice. He conducted himself in a negligent manner causing damage to the reputation of the Practice and causing significant financial loss to the Practice.

25. Defendant refused to appear to work and see patients scheduled. Defendant refused to communicate with the Practice in a timely manner in order to ensure proper and timely treatment, negligently performed his ethical and contractual obligations as a psychiatrist and employee to the damage and detriment of the Practice.

26. As a proximate result of his negligence, Defendant' suffered loss to its reputation, lost patients, lost revenue, lost employees, incurred attorney's fees, and other damages.

**WHEREFORE, the above premises considered**, Plaintiff seeks any and all damages from Defendant available under the law.

**Count III- Intentional Interference with Business and Contractual Relations**

27. Plaintiff adopts all preceding paragraphs of this Complaint as if fully set forth herein.

28. Defendant intentionally avoided his responsibilities to the Practice, spoke negatively about the Practice directly to business relations of the Practice and third party companies with whom the Practice had contracts, intentionally missed appointments to see patients of third party groups with whom the Practice was employed causing the third party and the Practice damages.

29. Defendant's actions directly caused damages to the Practice, including but not limited to loss of revenue, damage to its reputation, loss of employees, attorneys' fees and other damages.

**WHEREFORE, the above premises considered,** Plaintiff seeks any and all damages from Defendant available under the law.

**Count IV –Negligent Misrepresentation**

30. Plaintiff adopts all preceding paragraphs of this Complaint as if fully set forth herein.

31. During the negotiations of employment and after, Defendant negligently represented to Plaintiff that he intended to remain with the Practice for a period of at least three years and that he would likely remain much longer. Defendant encouraged Plaintiff to purchase a separate facility in order to accommodate

Defendant. Plaintiff would not have purchased the facility but for the representations of the Defendant. In addition, Plaintiff would not have expended recruitment fees, board licensure fees, furniture costs, employee benefits, hired additional employees, and other expenses had the Defendant not represented to the Plaintiff he would remain with the Practice for a period of at least three years.

32. Defendant negligently made the above misrepresentations which Plaintiff relied.

33. As a result of the negligent misrepresentations, Plaintiff suffered significant losses in excess of five hundred thousand dollars, suffered damage to its reputation and was forced into this litigation incurring attorneys' fees.

**WHEREFORE, the above premises considered**, Plaintiff demands compensatory and punitive damages, and any and all other damages Plaintiff is entitled under these present circumstances.

### Count V- Fraud and Fraudulent Misrepresentations

34. Plaintiff adopts all preceding paragraphs of this Complaint as if fully set forth herein.

35. Defendant fraudulently misrepresented his commitment to the Plaintiff and to the terms of the Employment Agreement, he fraudulently and repeatedly informed the Plaintiff he would appear at work, the Plaintiff scheduled him patients, and Defendant then knowingly failed to appear at work in an intentional and deceitful manner intended to cause disruption to the Practice and its patients.

36. Specifically, on the dates identified in the attached spreadsheet, Defendant notified Plaintiff he would be in attendance at work yet he intentionally failed to appear without plausible explanation. This caused disruption in the Practice and a significant amount of lost revenue.

37. Plaintiff suffered damages as a direct result of Defendant's fraudulent behavior and misrepresentation.

**WHEREFORE, the above premises considered**, Plaintiff seeks any and all damages recoverable under the law including but not limited to compensatory and punitive damages, attorneys' fees, costs and other expenses.

### Count VI- Civil Trespass

38. Plaintiff adopts all preceding paragraphs of this Complaint as if fully sets forth herein.

39. On February 3, 2021, Defendant wrongfully and illegally entered the premises of Plaintiff without permission of the Plaintiff.

40. On February 3, 2021, Defendant wrongfully and illegally obtained information and materials from Plaintiff's premises and caused further damage.

WHEREFORE, the above premises considered, Plaintiff seeks any and all damages recoverable under the law including but not limited to compensatory and punitive damages, attorney's fees, costs and other expenses.

Respectfully submitted,

*/s/ Jamie A. Johnston*

---

Jamie A. Johnston (JOH164)
Attorney for Plaintiff

**OF COUNSEL:**
Jamie A. Johnston, P.C.
PO Box 4663
Montgomery, Alabama 36103
334.202.9228
334.265.8789 – facsimile
jamie@jjohnstonpc.com